## KEENAN v. STRANGE, ET AL.

1. When a chancery cause is remanded, with directions that a reference shall be made to the master, this will not warrant the master in acting on the matter without the order of the chancellor, and it is error to confirm his report made without an order.

2. When a decree is reversed and remanded, with directions to pursue a particular course, it stands, when remanded to the inferior court, as if the proper decree had been thus made in the first instance; and the chancellor upon a proper showing, may, notwithstanding the decree of the appellate court, set aside the defendant's default, and let him make his defence by answer.

Writ of Error to the Court of Chancery for the 16th District.

THE case made by the bill in this cause, will be found stated in the 8th vol. (Ala. Rep.) 816.   The decree dismissing the bill, was there reversed, and one rendered, declaring the heirs of Westmoreland had a lien on the land purchased by the administrator, for the purchase money unpaid, and remanding the cause for a reference to the master, to ascertain the amount of the purchase money remaining due.   When the certificate came from this court to the court below, the register, without any action by the chancellor, directed a reference to himself, under the supposition that such was the order of court, and reported to the next chancery term, that nothing had been paid by the administrator for the lands, and that $8100 remained due.   This report was confirmed at the same term, after being read for two succeeding days, and, as the entry recites, no exceptions being filed.

During the same term Keener filed his petition to set aside the report of the master, to open his default, and to be let in to defend.   The substance of this petition, and the facts disclosed by it, (which are verified by affidavit,) may be thus stated.

Immediately after service of the *subpœna*, he procured counsel resident in Montgomery, but practising in the court of the 16th district, to prepare his answer to the bill, which was prepared and sworn to before the expiration of thirty days from service.   From some cause, unknown to the petitioner, his counsel did not attend court the first day of the term, and the complainants then submitted the cause *ex parte*, but the chancellor dismissed the bill, on the ground it had no equity. On the second day of the term, the answer was left with the register, who has ever since had it, but as the bill was then dismissed, it could not be regularly filed.   The cause was afterwards taken to the supreme court, and the decree reversed, and remanded.   Of this the petitioner never heard, until some months afterwards, and did not know until about a month before filing his petition, of the nature of the decree pronounced. . He did not hear of the reference, nor was he aware of being in contempt for the omission to file his answer, until the report was read, and then only became aware

Keenan v. Strange, et al.

of the fact, by his counsel being refused, permission to object to the report. At the time of making out his answer, he did not know that by the rendition of the judgment, upon the settlement of the administration of Westmoreland's estate, that the administrators were charged with the sale of the lands as *cash*, the right of the widow to one-seventh part of that sum, and to the further sum of $2000 as dower, the satisfaction by the administrators of the share of Pettaway, one of Westmoreland's heirs, or the indemnity given by the administrators to Strange, another of the complainants, to secure him from loss as a surety on the administration bond. All these facts are alledged in an answer and cross bill, which the petitioner asked leave to file. His first answer, stating his defence, as a *bona fide* purchaser from Cozens, without notice of any subsisting title in Westmoreland's heirs.

The chancellor refused the petition, on the ground that the decree rendered by the supreme court, upon reversing the cause, was conclusive in his court, and that nothing remained to be done than but to carry out that decree.

The lands were therefore directed to be sold, and the proceeds, after paying the costs paid over to the complainants.

The defendant, Keener, now prosecutes his writ of error on this decree, and assigns that the court erred,

1. In confirming the master's report. 2. In refusing to set aside the report. 3. In not allowing the answer of the defendant to be filed. 4. In refusing to allow the amended answer and cross bill to be filed.

He also submits the record, with a motion for a *mandamus* to the chancellor, to allow him to file his answer, set aside the report, and open the decree.

CHILTON, for the plaintiff in error, and for the motion.
McLESTER and COCKE, contra.

GOLDTHWAITE, J.—1. When a chancery cause is remanded from this to the subordinate court, with directions, that particular proceedings shall be had—as in this instance, that a reference may be made to the master—we think the officer of the subordinate tribunal is not invested by force of

the order of this court remanding the cause, with authority to act in the matter of reference independent of the further direction of the court to which he is attached. The mandate of this court is to the subordinate court, and the future action of that tribunal is governed by the directions given. There are forcible reasons why the practice should be thus, and not the least so arises from the circumstance that the chancellor may prescribe when the reference shall be made —the proof on which the master is to act—the notice the parties shall receive, &c. &c.

Independent of the other questions raised, on the record, we consider the reference in this case was made by the master, and without any order to that effect from the chancellor, that is sufficient to reverse the decree, or or in other terms, the exception to the master's report on this ground should have been allowed.

2. This result being attained, we shall proceed to consider whether the decree rendered by this court on a former occasion precludes the chancellor from setting aside the default and letting the defendant in to make a defence by answer. It seems to us, that when a decree in a chancery cause is reversed, and the cause remanded for something further to be done, preparatory to the final decree on which execution may be had, the cause when it reaches the subordinate court, stands there precisely in the same condition as if that court in the first instance had rendered the same decree as afterwards pronounced by this court; with the exception, however, that the decree is no longer the subject of revision by writ of error. This indeed, is the evident meaning of the statute, which requires this court to render judgment according to the right of the matter, and award execution, unless it be necessary that facts be ascertained, &c. [Dig. 255, § 4.] Considering the decree rendered upon the writ of error as that which should have been rendered in the first instance by the chancellor, the question arises, whether he has the power to open the default, and let the defendant in to make defence by answer. The most forcible objection to the existence of this power is, the difficulty, with its allowance, of ascertaining when a chancery decree is final of the controversy, and the rights of the parties fixed. It must be conceded there is

great weight in this objection, if the power was now claimed for the first time, yet it cannot prevail against a continuous current of decision, establishing and reconizing the power. In England, it has been held that a decree *pro confesso*, had for the want of an answer whilst the defendant was of unsound mind, might be set aside. [Benson v. Vernon, 1 Ves. Sen. 206.] And this too notwithstanding the decree was enrolled. [Kemp v. Squire, Ib. 208.] Even when the decree is on the merits, it has been set aside on a showing of surprise in the party affected by it. [Stevens v. Guppy, 1 Turn. & R. 178.] The decisions in the American chancery courts are generally to the same effect. Thus in New York, a decree by default, enrolled and acted upon by selling under it, has been set aside and defence put in by answer, when the defendant had omitted to defend by the mistake of his counsel. [Malepaugh v. McBride, 7 Paige, 509; Tripp v. Vincent, 8 Ib. 176.] In Virginia, it is said to be the proper course of practice to open the decree whenever there is error which cannot be corrected by a rehearing, or on a bill of review. [Erwin v. Vint, 6 Munf. 279.] Even the neglect of counsel to attend at the hearing, has, in England, been considered a sufficient ground to open the decree. [Robson v. Cranwell, 1 Dickens, 91.]

We find nothing repugnant to the course of practice indicated by these decisions; but it is argued here, that a decree having been pronounced in this court upon the merits, this is subject to no revision here or elsewhere. The cases in the supreme court of the U. States, of Exparte Sibbold, 12 Pet. 492, and Washington Bridge Co. v. Stewart, 3 How. 413, are conclusive, if indeed any authority is required, that decrees of appellate courts cannot be reviewed by the courts themselves, in the proceedings of the same cause at a subsequent period. But that principle, in our judgment, is not presented here. The decree is, and must continue to be the law of the case as then presented; but this does not preclude the parties from applying to the primary court for leave to introduce matter upon the record which the justice of the case requires should be there, and which it would be a reproach to justice if there was no means to place there.

Without further extending this opinion, we think the decisions referred to are quite sufficient to show, that courts of equity possess the power to open a decree passed even on the merits, when a sufficient cause is shown, and the suit is not entirely ended between the parties. Whether relief could be afforded by opening a decree, where the subject matter had passed beyond the control of the court, or its decree was executed, we need not determine.

Our judgment in the present case is, that the chancellor possessed the power to set aside the default, and let the defendant in to make the defence by answer ; but we decline to enter on the question, whether the refusal would be revisable on error. When the cause returns to the chancery court, the defendant can renew and have a decision on his motion.

For the error already referred to, the decree is reversed and the cause remanded.