# Allen v. Allen.

*Motion to Set Aside Sale of Lands under Execution during Pendency of Appeal in Supreme Court.*

1. *Chancellor may entertain motion to set aside sale of lands, under execution issued on decree, while appeal pending in this court.*—Pending an appeal in this court, from a decree rendered in a chancery case, the chancellor has no power or jurisdiction to render any further decree affecting the rights and equities of the parties; but, having the power, common to courts of law and equity, to prevent the abuse of its process, he may entertain a motion to set aside a sale of land under execution issued on the decree.

2. *Same.*—An appeal lies from a decree dismissing such motion.

3. *System of executing decrees of Chancery Court assimilated to that of Circuit Court.*—By statutory provision (Code, § 3906), the whole system of executing the decrees of the Chancery Court is assimilated, as far as practicable, to that prevailing in the Circuit Court, and like writs of execution are allowed in each court in like cases.

4. *Execution against executor or administrator in representative character; when may issue against him individually.*—After the issue of an execution against an executor or administrator in his representative character, and its return "no property found" on a decree in the Chancery Court, as on a judgment at law, an execution may be issued against him individually; nor is it necessary that another execution, to be levied *de bonis testatoris* should be sent to the county in which he was appointed.

5. *Demurrable defects in petition not available to appellant unless specified in demurrer.*—In a petition asking to set aside a sale of lands under execution, an averment that the land "was sold for a grossly inadequate price," if objectionable as the averment of a legal conclusion, is amendable; and the defect not being specified in the demurrer, nor called to the attention of the chancellor, is not available in this court.

APPEAL from Jefferson Chancery Court.
Heard before the Hon. THOS. COBBS.
VOL. LXXX.

[Allen v. Allen.]

This appeal is prosecuted by Josiah Allen, executor of Robert Allen, deceased, from the refusal of the chancellor to entertain a motion made by appellant to set aside and annul the sale of certain real estate, under execution against appellant personally, a previous execution against him in his representative capacity having been returned unsatisfied. The final decree against the said Josiah Allen, executor, was rendered on the 16th day of July, 1884, and execution issued on the 1st of the following September, being returned by the sheriff "no property found." Thereupon, on 21st October, 1884, an execution was issued against the appellant "in his individual character" and levied on real estate belonging to him situated in the city of Birmingham, and the property was duly sold on the first Monday in December, 1884. This sale the appellant moved to set aside on the grounds, *inter alia*, that the lands were sold for a "greatly inadequate price." "That there was no authority under the law to issue the execution in said cause against the defendant personally, and the execution and sale thereunder, are null and void;" and that at the time of the issuance of said execution, the defendant held unadministered property, assets of his decedent's estate, in the county of Russell, Alabama, and no execution against the defendant in his capacity as executor, was ever issued to said county of Russell, although the complainant well knew that said property was situated in said county and held by the defendant as executor. To this motion the chancellor sustained a demurrer upon the ground that the appeal taken to this court (*Allen v. Allen*, present term), divested him of all jurisdiction in the premises, and the decree sustaining the demurrer and dismissing appellant's motion, is here assigned as error.

HEWITT, WALKER & PORTER, and SAMUEL F. RICE, for appellants.

JAMES J. GARRETT, *contra*.

SOMERVILLE, J.—The chancellor very clearly erred in dismissing the motion made by the appellant to set aside the sale of the lands in controversy, upon the theory that the appeal pending in this court deprived him of 'all jurisdiction of the matter. We do not doubt that, when a decree has been rendered by a court of equity, and an appeal has been prosecuted to this court from such decree, a chancellor would no longer have such jurisdiction of the cause as would enable him to render any further decree affecting the rights and equities of the parties in the same cause during the pendency of the appeal.

[Allen v. Allen.]

The present motion, however, is a separate and distinct proceeding from the chancery suit which culminated in the decree from which the appeal in question was taken. It is based upon grounds which have nothing to do with the equities involved in and settled by that decree, and which have even originated subsequent to its rendition. The purpose of the motion is not to raise any question going behind the decree or concluded by it, but only to prevent any abuse of the process of the court by the agency of which it is sought to enforce the execution of the decree. It is manifest that whatever course may be taken by the appellate court as to the decree appealed from, whether it be affirmed or refused, the questions arising from this motion would neither be discussed nor determined. Courts of law and equity alike exercise the jurisdiction of setting aside sales where there has been an abuse of their process, and for the advancement of the ends of justice. *Holly v. Bass*, 68 Ala. 206. The universal practice is to allow a separate appeal for judgments involving the determination of motions of this nature on the theory that they are original suits separate and distinct from the principal suit or action to which they are merely collateral.

It is contended that the register had no authority, under the statute, to issue execution against the property of the defendant as an individual, but only as executor, because he was sued in the latter and not in the former capacity. Section 3908 of the present Code (1876) is relied on in support of this view, and would sustain it if the section stood alone, and unmodified by other statutory provisions. But section 3906 provides that all writs for the collection of money, which are in use in the common law courts, "are to be adapted to the execution of decrees in the courts of chancery." The purpose of this truism, in our opinion, was to assimulate the whole system of executing the judgments of the Chancery Courts to that prevailing in our Circuit Courts, as far as practicable, and to allow in each court like writs of execution in like cases. This would authorize the issue of execution against an executor or administrator personally, to be levied of his individual property, after the previous issue of execution against him in his representative character, with the return of "no property" by the sheriff or other officer of the county in which the judgment was rendered.—Code, § 2620.

It is obvious that the issue of an execution against the appellant personally was authorized by a return of "no property" by the sheriff of Jefferson county, where the judgment was rendered on which the execution issued, and that it was not necessary to have first sent an execution to Russell county to be levied *de bonis testatoris*, as is contended.

[Raney v. Raney.]

It may be that the averment made in the petition, that the real estate in controversy "was sold for a grossly inadequate price," was rather the averment of a legal conclusion than a mere matter of fact, yet there was no objection by demurrer, or otherwise, to this alleged defect or insufficiency of pleading, which was susceptible of being remedied by amendment, had attention been called to it in the court below.   The chancellor made no decision on this feature of the complaint, and properly so, because he could allow no objection of this nature which was not distinctly stated in the demurrer.—Code, 1876, § 3005.   For these reasons we decline to consider any question now raised for the first time in this court, based on this alleged defect in pleading.—*Humphreys v. Burleson*, 72 Ala. 1 ; *P. & M. Mut. Ins. Co. v. Selma Savings Bank*, 63 Ala. 585.

Reversed and remanded.