(98 South. 796)

### BELL v. KING et al. (6 Div. 53.)

(Supreme Court of Alabama. Jan. 17, 1924.)

1. **Appeal and error** ⚖➡112, 436—Decree rendered pending appeal from final decree was void and not appealable.

Where an appeal from a final decree was duly taken, security for costs given and approved, notice of appeal given, and the appeal duly certified to the Supreme Court, the latter court acquired jurisdiction, and during the pendency of that appeal the lower court was without jurisdiction to proceed to the rendition of a decree confirming the report of a register, on a reference directed by the earlier decree, and the later decree was void and would not support an appeal.

2. **Appeal and error** ⚖➡485(1)—Purpose of "supersedeas" is to suspend execution of decree rendered.

The purpose of a "supersedeas" is to suspend the execution of a decree rendered, and not to suspend proceedings in the pending cause further adjudicating the rights of the parties.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Supersedeas.]

3. **Appeal and error** ⚖➡21—Appeal from void decree confers no jurisdiction to appellate court, though parties consent to appeal.

The appellate court acquires no jurisdiction on an appeal from a void decree, though the appeal is consented to by the parties, but must take notice of its own want of jurisdiction apparent on the record.

4. **Appeal and error** ⚖➡66—Interlocutory decree not appealable unless permitted by statute.

Except as provided by statute, interlocutory decrees are reviewable only on appeal from the final decree.

5. **Equity** ⚖➡422—Form of decree is discretionary with court.

The form of a decree is within the wise discretion of the court, acting within his jurisdiction.

Appeal from Circuit Court, Jefferson County; William M. Walker, Judge.

Bill in equity by Stephen Bell against S. P. King and another. From the decree, complainant appeals. Appeal dismissed.

The decree rendered August 23, 1923, from which this appeal is taken, confirms the report of the register upon reference had as directed by the decree of July 24, 1923. Ex-

ceptions to the report and motion to strike this report are overruled. It is adjudged by this decree that complainant pay into the registry of the court, within 30 days, the sum of $894.30, for the use of R. H. Brown (respondent), together with the costs of the cause; by doing which all right, title, and interest of respondents Brown and King in and to the property described be divested out of them and vested in complainant, and that the injunction heretofore issued in the cause be made perpetual. It is further ordered that on failure of complainant to pay the amount stated, the injunction restraining foreclosure of the mortgage in question be dissolved, and the bill dismissed. It is further decreed that complainant pay the costs of the suit.

Hayden & Hayden, of Birmingham, for appellant.

Counsel argue the motion to dismiss the appeal, but without citation of authorities.

Sterling A. Wood, of Birmingham, for appellees.

No brief reached the Reporter.

BOULDIN, J. [1-3] This is a companion case to Bell v. King (6 Div. No. 8) 98 South. 794.[1] In that cause the appeal was from a decree rendered July 24, 1923. An appeal from that decree was duly taken, security for costs given and approved, notice of appeal given, and the appeal was duly certified to and pending in this court when the decree of August 23, 1923, here appealed from, was entered.

We have held in the above cause that the decree of July 24th was a final decree which would support an appeal. Hence this court acquired jurisdiction of the cause. During the pendency of that appeal the lower court was without jurisdiction to proceed to the rendition of the decree sought to be reviewed on this appeal.

It is of no moment that no supersedeas bond had been given on the former appeal. A "supersedeas" is to suspend the execution of a decree already rendered, not to suspend proceedings in the pending cause further adjudicating the rights of the parties. Allen v. Allen, 80 Ala. 154; Moore v. Randolph, 52 Ala. 530; McLaughlin v. Beyer, 181 Ala. 427, 61 South. 62; Southern Ry. Co. v. Birmingham, S. & N. O. Ry. Co., 131 Ala. 663, 29 South. 191; Ex parte Hood, 107 Ala. 520, 18 South. 176; Betts v. Cobb, 121 Ala. 154. 25 South. 692; Underwood v. Underwood, 162 Ala. 553, 50 South. 305, 136 Am. St. Rep. 61.

The court below having no jurisdiction to render the decree here appealed from, the decree was void; a void decree will not support an appeal; this court can acquire no jurisdiction on such appeal even by consent of

parties; and must take notice of its own want of jurisdiction apparent on the record. The appeal in this cause must therefore be dismissed. Wynn v. Tallapoosa County Bank, 168 Ala. 469, 53 South. 228; Meyers v. Martinez, 162 Ala. 562, 50 South. 351; Sumner v. Hill, 157 Ala. 230, 47 South. 565; Throne-Franklin Shoe Co. v. Gunn, 123 Ala. 640, 26 South. 198; Nabers v. Morris Mining Co., 103 Ala. 543, 15 South. 850; Clark v. Spencer, 80 Ala. 345; 1 Mich. Dig. 324, § 112; Singo v. McGhee, 160 Ala. 245, 49 South. 290.

[4] We call attention to what was said by Brickell, C. J., in Jones v. Wilson, 54 Ala. 50, 55, and again in Ex parte Elyton Land Co., 104 Ala. 88, 92, 15 South. 939, touching the avoidance of two final decrees in a cause. The prompt, effective administration of justice often renders it advisable for the trial court to retain jurisdiction and control over the cause until it is finally disposed of, leaving nothing to be done save the issuance of appropriate writs to make effective the decree rendered. Our statutes have provided for appeals from certain interlocutory decrees, such as are deemed conducive to the final disposition of the issues on the merits. All other interlocutory decrees are reviewable only on appeal from the final decree. Had the decree of July 24, 1923 (reviewed in Bell v. King, supra), followed, in its second paragraph, the form of the first paragraph, merely announcing the opinion of the court as to the extent and character of relief to which the parties were entitled, the decree would have been interlocutory and not appealable. The trial court would thus have retained jurisdiction to proceed to the final decree of August 23, 1923.

What is said in Ex parte Elyton Land Co., supra, would not apply in all cases.

Where much of the litigation will be had on a reference, as in cases of trusts, copartnerships, and many others, it may appear much the better to settle the equities first, let an appeal be prosecuted thereon, if desired, and save the expense of litigating unnecessary issues in the further progress of the cause. But where the reference is pro forma, or does not involve great expense or delay, it is better to have but one final decree, so that the successful party may have the fruits of his decree, unless protected by supersedeas bond pending an appeal.

[5] Much depends upon the particular case, and the form of decree is within the wise discretion of the court, acting within his jurisdiction.

For the reasons stated, the appeal in this cause is dismissed.

Appeal dismissed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

─────────────
[1] Ante, p. 551.