(110 So. 394)

**KINNEY v. WHITE et al.**

**WHITE et al. v. KINNEY.**

(6 Div. 330, 492.)

(Supreme Court of Alabama. Oct. 28, 1926. Rehearing Denied in 6 Div. 330. Nov. 11, 1926.)

1. Appeal and error ⬥1210(1)—Trial court must render judgment, without new evidence, on remandment of cause with ˙directions to enter decree according to opinion of Supreme Court.

Reversal of decree, with specific directions to enter decree in accordance with detailed directions of Supreme Court, requires rendition

of judgment by trial court without new trial or taking of additional evidence.

#### On Rehearing. Case No. 330.

**2. Costs ⊚⇒245—Chancellor may exercise discretion in apportioning costs on remand of cause for entry of decree, in accordance with opinion of Supreme Court.**

Remand of cause, requiring trial court to render judgment without taking additional evidence, does not preclude chancellor from exercising sound discretion in taxing costs to apportion burden of litigation, where there has been mutual fault.

#### On Original Hearing. Case No. 492.

**3. Appeal and error ⊚⇒14(2)—Decree rendered after remand of case for entry of decree, in accordance with opinion of Supreme Court, is appealable (Code 1923, § 6131).**

Decree rendered after remand of case from Supreme Court, with directions to enter decree in accordance with opinion of Supreme Court, is final decree appealable in accordance with Code 1923, § 6131.

**4. Appeal and error ⊚⇒14(4)—Appeal from decree rendered subsequent to decree appealed from by plaintiff, is not a cross-appeal.**

Appeal from decree rendered subsequent to decree in same action appealed from by plaintiff, and subsequent to references for remandment thereof, is not a cross-appeal but direct appeal.

**5. Appeal and error ⊚⇒436—Trial court cannot render any decree in cause pending on appeal.**

Pending appeal of case, trial court is without jurisdiction to render any decree affecting rights and equities of parties, and an appeal from decree rendered subsequent to first appeal will be dismissed.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Bill in equity by E. C. Kinney against L. C. White and others. From the decrees rendered, the parties separately appeal. Affirmed as to first decree, dismissed as to second.

Brown & Bland, of Cullman, for appellant in case 330 and appellee in case 492.

The effect of the judgment of the Supreme Court on former appeal was to set aside and annul the decree of the trial court, and restore the case to the docket of the trial court, requiring a new submission. Dupuy v. Roebuck, 7 Ala. 484; Simmons v. Price, 18 Ala. 407; Williams v. Simmons, 22 Ala. 430; Cowdery v. London, 96 Am. St. Rep. 115, note on page 124; 2 R. C. L. 290; Reese v. Barker, 85 Ala. 474, 5 So. 305; Alabama City G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776; McGeever v. Terre Haute Brew. Co., 201 Ala. 290, 78 So. 66; Marsh v. Elba Banking Co., 205 Ala. 425, 88 So. 423. The rule as to taxation of costs is that the chancellor

impose the burden of the litigation where he finds the fault to be, or to apportion it where there has been mutual mistake. Allen v. Lewis, 74 Ala. 381. Where there are cross-appeals in the same case there should be but one transcript. Code 1923, p. 881, rule 3. The effect of Kinney's appeal was to deprive the trial court of further jurisdiction to proceed, and the decree appealed from by White is void, and will not support an appeal. Bell v. King, 210 Ala. 557, 98 So. 796.

W. E. James, of Cullman, for appellees in case 330, and appellants in case 492.

Counsel argues the questions raised and treated, and cites the decision on former appeal, 211 Ala. 624, 101 So. 426.

GARDNER, J. The two appeals were jointly submitted.

#### Case No. 330.

From a final decree rendered in the cause of E. C. Kinney v. L. O. White et al., on pleadings and proof, as duly noted, the respondents prosecuted an appeal to this court, found reported as White et al. v. Kinney, 211 Ala. 624, 101 So. 426.

The consideration of the cause in this court disposed of the same upon its merits, the result of which was an affirmance of the holding of the trial court in respect to the validity of complainant's mortgage, but a reversal of the ruling in so far as complainant's mortgage lien was held superior to the lien of respondent A. P. White for rent and advances. The judgment here rendered was one of reversal, and the cause was remanded, "that the trial court may proceed with the cause and render a decree according to the opinion of this court." As is noted by a reference to the report of the case on former appeal, the opinion gave detailed directions as to the decree which, in the opinion of this court, should have been rendered. Upon remandment of the cause and upon a reconsideration of the matter, the trial court was of the opinion the reversal was one with directions, and that there was no occasion for another note of testimony, and proceeded with the rendition of the final decree.

The appeal here (case No. 330) by complainant is rested upon the insistence that such note of testimony was essential upon a resubmission of the cause upon remandment thereof, and that respondents were in default in this respect.

[1] We are unable to agree with this contention. The reversal was not one with mere general directions for a new trial, referred to by some of the authorities as an "unqualified reversal" (2 R. C. L. p. 290), but one with specific directions.

"Where * * * the cause is remanded with directions as to the judgment to be en-

tered, such judgment should be entered without a new trial." 13 Ency. Plead. & Pract. p. 854. "Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. * * * Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, otherwise, litigation would never be ended." 2 R. C. L. p. 289.

Our cases are in accord with this generally accepted rule. Johnson v. Glascock, 2 Ala. 519; Lyon v. Foscue, 60 Ala. 468; Keenan v. Strange, 12 Ala. 290.

In Cox v. Brown, 198 Ala. 638, 73 So. 964, consideration was given to the action of the lower court in granting a rehearing and proceeding to a final decree without a resubmission of the cause. It was conceded that, upon granting such rehearing, the case stood as if no decree had ever been rendered. Discussing, however, the question here pertinent by way of analogy, the court said:

"But this does not mean that the original submission is ipso facto set aside. That would result alone from the order of the chancellor, and, if no new or additional evidence is to be introduced and no material amendment is to be made, there could be no occasion for a resubmission of the cause. The question of allowing additional evidence to be offered is left to the sound discretion of the chancellor. * * * If it is allowed, there must be notice to the opposite party and a resubmission of the cause, as a matter of course. If not, the chancellor may proceed forthwith, under the pending submission, to the rendition of a final decree such as should have been rendered in the first instance."

See, also, Darling v. Hanlon, 197 Ala. 455, 73 So. 20.

In the instant case, there was no occasion for either amendment of pleading or additional evidence and no effort to this end. The reversal was with directions. The pending submission sufficed for all purposes of the rendition of a final decree, pursuant to the explicit directions contained in the opinion.

In the case of Reese v. Barker, 85 Ala. 474, 5 So. 305, cited by appellant, the first submission was set aside as prematurely entered, for the reason the cause was not at issue as to a material defendant. There was therefore a necessity for a resubmission of the cause, and, it seems, additional proof offered. A note of testimony was held essential. The case is therefore readily distinguishable. Other authorities relied upon by appellant have been considered, among them Alabama City, G. & A. R. Co. v. Bates, 155 Ala. 347, 46 So. 776; Marsh v. Elba Banking Co., 205 Ala. 425, 88 So. 423, McGeevor v. Terre Haute Brew Co., 201 Ala. 290, 78 So. 66, Tatum v. Yahn, 130 Ala. 573, 29 So. 201, and Beck v. Burchfield, 205 Ala. 486, 88 So. 417, but we find nothing in these cases that militates against the conclusion here reached.

We are therefore in accord with the trial court that no new note of testimony was necessary, and that the original and pending submission was sufficient upon which to rest the decree rendered.

It results that the decree on appeal in case No. 330 must be here affirmed.

### On Rehearing.

Upon application for rehearing in this cause, appellant requests a modification of the opinion, in so far as it may be construed as an inhibition of the lower court taxing the costs of the cause as to place the burden of the litigation where he finds the fault to lie, or to apportion the burden where there has been mutual fault. Allen v. Lewis, 74 Ala. 381.

The discussion herein of the reversal of the cause, on former appeal, with directions, was not intended by the writer to be so construed as apprehended by appellant. The discussion had relation to directions on the former appeal as to the questions of merit presented by the litigation, and the matter of costs was given but incidental consideration.

[2] The opinion in the instant case is therefore not to be construed as precluding the chancellor from the exercise of a sound judicial discretion in the matter of taxation of the cost (all of which is of course here subject to review) so as to apportion the burden of the litigation, if it should be concluded there has been mutual fault, and to that extent the original opinion is here modified.

### Case No. 492.

[3] The decree from which the appeal in case No. 330, above considered, was prosecuted, bears date of November 28, 1924. The security for costs of appeal in said cause was executed and duly approved and filed by the register on December 4, 1924, and the appeal to this court perfected. Section 6131, Code of 1923; Wyker v. Francis, 120 Ala. 509, 24 So. 895. That the decree of November 28, 1924, was such a final decree as supportive of an appeal is not questioned (Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939), and thereby this court acquired jurisdiction of the cause.

Subsequent to the perfection of that appeal, the register proceeded with the reference and rendered a report on February 10, 1925, and on May 23, 1925, the court rendered a decree upon exceptions to said report, and a final disposition of the cause.

[4] Respondents (appellees in appeal No. 330) dissatisfied with the latter decree, prosecuted an appeal therefrom on that date. Mention is made of this appeal as a cross-appeal to No. 330, but this is clearly inaccurate, as the decree complained of on this appeal was rendered long subsequent to that of November

28, 1924, appealed from by complainant on December 4, 1924, and the reference forming the basis thereof was also held after the perfection of said appeal. It must be considered, therefore, as a direct appeal.

[5] Motion is made by appellee to dismiss this appeal upon the ground that, pending the appeal in case No. 330, the court below was without jurisdiction to render any decree affecting the rights and equities of the parties. The point is well taken. Allen v. Allen, 80 Ala. 154. As expressed in Ex parte Hood, 107 Ala. 520, 18 So. 176, if the rule were otherwise, a cause "would at one and the same time be pending in two courts, each having and capable of exercising authority over it."

The recent case of Bell v. King, 210 Ala. 557, 98 So. 796, is directly in point, where apt authorities are cited. The decree from which the first appeal was taken contained nothing requiring the execution of a supersedeas bond. Ex parte Cudd, 195 Ala. 80 (more correctly reported in 70 South. 721); Anders v. Latimer, 198 Ala. 573, 73 So. 925. As said in Bell v. King, supra:

"It is of no moment that no supersedeas bond had been given on the former appeal. A supersedeas is to suspend the execution of a decree already rendered, not to suspend proceedings in the pending cause further adjudicating the rights of the parties."

Upon the authority of Bell v. King, supra, and the cases therein cited, the proceedings subsequent to the perfection of the appeal in the case No. 330 must be held as void, and the appeal in this cause, No. 492, dismissed.

It results from a consideration of the two appeals jointly, that, as to case No. 330, the decree appealed from must be affirmed, and, as to case No. 492, the appeal will be dismissed.

Affirmed as to case No. 330.

Appeal dismissed as to case No. 492.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.