This is a petition for the writ of mandamus by Alabama Power Company, asking this court to grant the following relief: That the writ of mandamus issue directed to the Honorable Josh Mullins, as Circuit Judge of the Tenth Judicial Circuit, ordering and requiring him to enter judgment in favor of Alabama Power Company and to deny respondents' motion for new trial in accordance with the opinion of this court in AlabamaPower Company v. Smith, 409 So.2d 760 (Ala. 1981).
The following pertinent facts are found in the record: Respondents Walter Lee and Mary Lou Smith's suit against Alabama Power Company was tried to a jury in the Jefferson County Circuit Court. On 2 October 1981, a verdict was rendered in favor of the Smiths. During the course of the trial, Alabama Power filed motions for a directed verdict, and JNOV, and, in the alternative, for a new trial; all of which were denied. Alabama Power then appealed to this court.
On appeal of that case, the issue presented was whether petitioners had presented sufficient evidence to establish that Alabama Power exerted sufficient control over the coal scales on which respondent Walter Lee Smith fell, which fall resulted in injuries to him, as to satisfy the duty element of a negligence action. Regarding that issue this court found:
 "Our careful review of the record compels us to agree with Alabama Power Company that the following statements are undisputed:
 "`1. Alabama Power Company did not own the weighing platform or scale mechanism;
 "`2. It did not build the foundation for the platform;
 "`3. It did not install the platform or scale mechanism;
 "`4. It did not repair or maintain the platform or scale mechanism at any time;
 "`5. It did not specify the width of the platform or the coal trucks themselves;
 "`6. It did not instruct the coal truck drivers how to drive or park their trucks or how to get out of their trucks or how to pick up their weight tickets;
 "`7. Sand-T Corporation, the employer of the coal truck drivers, had an employee at the site, Dennis Parsons, who was responsible for the coal trucks, instructing the drivers how to drive onto the weighing platform, and who operated a water truck on the approach road;
 "`8. Sand-T Corporation, not Alabama Power Company, was responsible for having the scales certified;
 "`9. A driver's platform erected and installed after the plaintiff's accident was built by some person or corporation other than Alabama Power Company.'"
409 So.2d at 762.
Our holding in that case read as follows:
 "Liability in a negligence action is predicated on the plaintiff's showing a duty owing to him by the defendant, *Page 153 
breach of that duty, and injury flowing to him in the consequence of that breach. Thompson v. City of Bayou La Batre, [399 So.2d 292 (Ala. 1981) ]; Elba Wood Products, Inc. v. Brackin, 356 So.2d 119 (Ala. 1978); Sammons v. Garner, 284 Ala. 131, 222 So.2d 717
(1969); Tennessee Coal, Iron R.R. Co. v. Smith, 171 Ala. 251, 55 So. 170 (1911). Plaintiffs having failed to prove the first element in their negligence action, namely, a duty owing, we pretermit discussion of the other issues raised in their brief.
 "Therefore, for the above reasons, the judgment is due to be, and is hereby reversed and the cause is remanded to the Circuit Court for entry of a judgment in accordance with this opinion.
"REVERSED AND REMANDED WITH DIRECTIONS."
409 So.2d at 764.
Shortly after the decision in that case was released, on 5 October 1981, the Honorable Josh Mullins, the trial judge, entered the following order:
 "It appears to the undersigned Judge that the Supreme Court of Alabama in opinion dated 10/2/81 has reversed the judgment in favor of plaintiffs and against the defendant and the said cause was remanded by said Supreme Court to Circuit Court for entry of a judgment in accordance with said opinion. It is, therefore, this date ORDERED, ADJUDGED AND DECREED that judgment be and the same is hereby rendered in favor of defendant and against plaintiffs and intervenor, United States Fidelity and Guaranty and all court costs are taxed against the plaintiffs, and all counsel of record are given notice of this judgment."
To allow plaintiffs to file an application for rehearing with this court, Judge Mullins vacated his order of 5 October 1981.
In their application for rehearing, plaintiffs vehemently urged this court to reconsider and withdraw its opinion, stating as follows:
 "It is shocking that this court would assume the role of an advocate in attempting to make the testimony say something other than what was said by the parties and witnesses under oath."
Upon denial of plaintiffs' application we stated:
 "The serious charges alleged by appellants in their application for rehearing have caused us to extensively review our opinion and decision in this case. After careful review of these charges, we are of the opinion that they are without merit."
409 So.2d at 764.
Several weeks after our decision to deny rehearing, respondents filed a motion for new trial. That motion was set for hearing on 11 May 1982.
On 22 April 1982, the Smiths served notice to take the oral deposition, for the purpose of discovery, of an employee of Alabama Power. It then filed a motion to quash the notice, which was denied on the same day. On the following day Alabama Power filed a motion requesting the trial court to enter judgment in its favor. Its request for a hearing on this motion prior to the date set for the deposition of its employee was denied.
Alabama Power then petitioned this court for the writ of mandamus. On 6 May 1982 this court ordered all proceedings in the circuit court stayed pending our decision regarding this petition.
The petition for the writ of mandamus presents the issue, whether, in Alabama Power Company v. Smith, supra, there was a final adjudication regarding petitioner's control over the coal scales on which respondent Walter Smith fell. The Smiths contend that the motion for new trial is, in light of our opinion in this case, procedurally proper.
Alabama Power Company v. Smith, was brought to this court on an evidentiary issue. In Casey v. Jones, 410 So.2d 5 (Ala. 1982), we clarified the distinctions between evidentiary challenges as follows:
 "For the sake of clarity, we restate the familiar: Other than objections to admissibility, evidentiary challenges are divided into two separate and distinct categories: *Page 154 
 1) sufficiency of the evidence, raised by motions for directed verdict and for J.N.O.V. and measured by the objective `scintilla' rule; and 2) weight and preponderance of the evidence, raised by motion for a new trial and measured by the more subjective `palpably wrong, manifestly unjust' standard."
410 So.2d at 8.
The Smiths contend this case was a "weight of the evidence" case, relying on Garmon v. King Coal Co., Inc., 409 So.2d 776
(Ala. 1982). There this court had occasion to consider the effect to be given an appellate court determination, on further litigation, that a jury verdict was against the great weight and preponderance of the evidence. The decision of this court followed the reasoning in Universal Truck Loading Co. v.Taylor, 178 Miss. 143, 172 So. 756, 757 (1937). We quoted that court's opinion as follows:
 "`When a case is reversed upon the ground that the verdict is contrary to the overwhelming weight of the evidence, it is sent back for a new trial, and the court below is not bound in the new trial by the judgment of this court on the weight of the evidence. The jury may find another verdict upon the same evidence, if, in their judgment, it is proper to do so. . . .'"
409 So.2d at 779.
In Garmon it was clearly pointed out that we were not considering the "sufficiency of the evidence."
 "[I]t is apparent that the question of whether King Coal was entitled to a judgment, as a matter of law, was not presented; therefore, this Court's conclusion, on original appeal, that King Coal was entitled to a new trial on the contract claim should not have been construed as foreclosing the Garmons from having a new trial on the contract claim. The question of the sufficiency of the evidence to support any claim under the contract was not before this Court. The claim of the Garmons for lost profits, however, was before this Court and was resolved, adverse to the Garmons. They are not entitled to relitigate any claim of loss [sic] profits.
". . . .
 "This Court's original reversal and remandment was based upon a determination that the verdict was contrary to the great weight and preponderance of the evidence on the theory advanced by the Garmons that the contract was one for the sale of goods. This Court did not have before it a question of whether King Coal was entitled to a judgment as a matter of law. In the first place, King Coal filed no motion for judgment notwithstanding a verdict, and the question of rendition of the cause was not presented to this Court. . . ." (Emphasis in original.)
409 So.2d at 778, 779.
In Alabama Power Company v. Smith, we were presented with a completely different fact situation. Alabama Power had presented motions for directed verdict, for judgment notwithstanding the verdict, and for new trial. The issue of sufficiency of the evidence as to control was before us both on appeal and on application for rehearing.
The opinion in that case, although not directly defining the sort of evidentiary challenge under consideration, left no room for doubt that we were aware the issue of sufficiency of the evidence for submission to the jury had been properly presented. The most telling evidence of the basis for our decision was the mandate issued; there was no express grant of a new trial. It is clear in light of the history of that case, the determination was that, as a matter of law, evidence regarding control was insufficient and Alabama Power's motions for judgment as a matter of law should have been granted.
The Smiths further contend the trial court should be allowed to consider a motion for new trial under Rule 50 (c)(2). It provides:
 "The party whose verdict has been set aside on motion for judgment notwithstanding the verdict may serve a motion *Page 155 
for a new trial pursuant to Rule 59 not later than 30 days after entry of the judgment notwithstanding the verdict."
Rule 50 (c)(2), ARCP.
The United States Supreme Court treated the issue of whether the correlative Federal Rule of Civil Procedure could be so utilized in Neely v. Martin K. Eby Construction Co.,386 U.S. 317, 87 S.Ct. 1072, 18 L.Ed.2d 75 (1967).
That Court stated:
 "Rule 50 (c)(2) . . . is on its face inapplicable to the situation presented here. That rule regulates the verdict winner's opportunity to move for a new trial if the trial court has granted a Rule 50 (b) motion for judgment n.o.v. In this case, the trial court denied judgment n.o.v. and respondent appealed. Jurisdiction over the case then passed to the Court of Appeals, and petitioner's right to seek a new trial in trial court after her jury verdict was set aside became dependent upon the disposition by the Court of Appeals under Rule 50 (d)." (Emphasis in original.)
386 U.S. at 324, 87 S.Ct. at 1077-1078.
This court held, on first deliverance, that Alabama Power was entitled to a directed verdict because there was an insufficiency of evidence regarding control. Because we did not expressly grant a new trial, our prior decision terminated this litigation. See Sears, Roebuck Co. v. Haven Hills Farm, Inc.,395 So.2d 991 (Ala. 1981). Our mandate directed the trial court to enter judgment in accordance with our determination. The rule to be applied in this case is stated in § 991 of the American Jurisprudence Encyclopedia:
 "It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered. . . . The appellate court's decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence. . . .
5 Am.Jur.2d, Appeal and Error § 991 (1962).
In Kinney v. White, 215 Ala. 247, 110 So. 394 (1926), this court, in a second appeal of that case, noted that in the prior appeal it had reversed and remanded the cause so "that the trial court may proceed with the cause and render a decree according to the opinion of this Court." 215 Ala. at 248,110 So. 394. This court held the mandate meant exactly what it said:
 "The reversal was not one with mere general directions for a new trial, referred to by some of the authorities as an `unqualified reversal' (2 R.C.L. p. 290), but one with specific directions.
 "`Where * * * the cause is remanded with directions as to the judgment to be entered, such judgment should be entered without a new trial.' 13 Ency.Plead. Pract. p. 854. `Where a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. * * * Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of a reviewing court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything but obey, otherwise, litigation would never be ended.' 2 R.C.L. p. 289"
215 Ala. at 248-49, 110 So. 394.
Unquestionably, the language employed by this court in the instant case, is just as clear, if not more so, than the language employed in Kinney. This is evidenced by the original entry of judgment by the trial court after reversal.
For the reasons stated, the trial court should, forthwith, enter judgment in favor of Alabama Power Company as mandated by the decision of this court in Alabama Power Co. v. Smith,409 So.2d 760 (Ala. 1981). Failing to do so, then upon application of petitioner, the writ of mandamus *Page 156 
will issue from this court to compel that action.
WRIT OF MANDAMUS ISSUED CONDITIONALLY.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.