On Application for Rehearing
THOMAS, Judge.
The opinion of September 25, 2015, is withdrawn, and the following is substituted therefor.
In Ex parte W.L.K., 175 So.3d 652 (Ala.Civ.App.2015), W.L.K. (“the father”) sought a 'writ of mandamus prohibiting the transfer of an adoption proceeding regarding M.M. (“the child”) instituted in the Jefferson Probate Court by T.C.M. and C.N.M. (“the prospective adoptive parents”) to the Jefferson Juvenile Court; requiring the probate court to dismiss the adoption proceeding, as mandated by Ala. Code 1975, § 26-10A-24(d); and requiring the probate court to vacate its interlocutory order awarding temporary custody of the child to the prospective adoptive parents. Our February 27, 2015, opinion on rehearing in Ex parte W.L.K. ordered the probate court to rescind its order transferring the adoption proceeding to the juvenile court and to enter an order complying with Ala.Code 1975, § 26-10A-24(d) and § 26-10A-24(h). Ex parte W.L.K., 175 So.3d at 659. The probate court has not complied with this court’s directives, and the father now seeks a writ of mandamus directing the probate court to enter a judgment dismissing the adoption proceeding. We grant the petition and issue the writ.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998). Our supreme court has explained that a petition for the writ of mandamus is the appropriate vehicle for seeking a trial court’s compliance with an appellate-court mandate or directive:
“On remand, trial courts are required to follow the mandates of this Court or of any other appellate court. Kinney v. White, 215 Ala. 247, 110 So. 394 (1926). The question of whether a trial court after remand has correctly interpreted and applied an appellate court’s decision is properly reviewable by a petition for a writ of mandamus. Ex parte Bradley, 540 So.2d 711, 712 (Ala.1989). If a trial court fails to comply with an appellate court’s mandate, mandamus will lie to compel compliance. Id.; Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983).”
Ex parte United States Fid. & Guar. Co., 585 So.2d 922, 924 (Ala.1991).
We have explained that a trial court must comply with a directive issued by this court in an opinion granting a previous petition for the writ of mandamus. Ex parte Buckner, 73 So.3d 686, 691 (Ala.Civ.App.2010).
“In Ex parte Alabama Power Company, 431 So.2d 151, 155 (Ala.1983), the supreme court, quoting 5 Am.Jur.2d Appeal and Error § 991 (1962), stated:
*359 “ ‘ “It is the duty of the trial court, on remand, to comply strictly with the mandate of the appellate court according to its true intent and meaning, as determined by the directions given by the reviewing court. No judgment other than that directed or permitted by the reviewing court may be entered .... The appellate court’s decision is final as to all matters before it, becomes the law of the case, and must be executed according to the mandate, without granting a new trial or taking additional evidence.
Ex parte Buckner, 73 So.Sd at 691. If a directive or mandate is unclear, a trial court should consult the opinion of the appellate court. Walker v. Carolina Mills Lumber Co., 441 So.2d 980, 982 (Ala.Civ. App.1983) (citing Cherokee Nation v. Oklahoma, 461 F.2d 674 (10th Cir.1972)).
In Ex parte W.L.K., we noted that the probate court had decided the factual issues underlying the father’s adoption contest in his favor. Ex parte W.L.K., 175 So.3d at 655. Based on that determination and our construction of the Alabama Adoption Code, Ala.Code 1975, § 26-10A-1 et seq., we ordered the probate court to enter a judgment concluding the adoption proceeding in compliance with § 26-10A-24(d), which reads as follows:
“(d) After hearing evidence at a contested hearing, the court shall dismiss the adoption proceeding if the court finds:
“(1) That the adoption is not in the best interests of the adoptee.
“(2) That a petitioner is not capable of adopting the adoptee.
“(3) That a necessary consent cannot be obtained or is invalid.
“(4) That a necessary consent may be withdrawn. Otherwise the court shall deny the motion of the contesting party.”
(Emphasis added.)
The probate court’s interlocutory order placing custody of the child with the prospective adoptive parents was maintained pending the entry of the judgment in compliance with our opinion. See Ex parte W.L.K., 175 So.3d at 660. However, the probate court failed to comply with our directive to complete the ministerial task of entering a judgment dismissing the adoption proceeding as required by § 26-10A-24(d) because, based on the findings and conclusions set out in the probate court’s March 2014 order, the adoption contest had been decided in favor of the father. Id. We also instructed the probate court to comply with § 26-10A-24(h), which requires a probate court to order reimbursement of “all medical and living expenses incidental to the care and well-being of the minor child for the time the child resided with the petitioner or petitioners for adoption,” which the probate court has also failed to do.
To be certain, we did not clearly state at the conclusion of the opinion in Ex parte W.L.K. that the probate court was required to enter a judgment dismissing the adoption proceeding. However, a reading of our opinion, together with the special writings, would -have made clear that this court was unanimous in its belief that the probate court’s resolution of the adoption contest in favor of the father required the probate court to enter a judgment dismissing the adoption proceeding as mandated by § 26-10A-24(d). Although the order under review in Ex parte W.L.K. was interlocutory in the sense that the probate court had not yet entered the required order dismissing the adoption action, this court did not intend to imply that the probate court should-consider new evidence on the adoption contest, which it had *360 already decided and which it had already declined to reconsider on motions of both parties.[1] Furthermore, the probate court was not instructed to take further evidence or to consider the best interest of the child, which, based on the transcript of the July 15, 2015, hearing before the probate court provided to this court by the father, the probate court felt it was authorized to do. Although a probate court is to consider the best interest of the child in a contested hearing, see Ala.Code 1975, § 26-10A-24(a)(1), the resolution of the adoption contest in favór of the father terminated the adoption proceeding based on the lack of his required consent, see § 26-10A-24(d), and, thus, the probate court had no further need to consider the best interest of the child. Instead, its only option was to enter a judgment dismissing the adoption action.[2]
The probate court’s resolution of the adoption contest in favor of the father requires it to enter a judgment dismissing the adoption proceeding. § 26-10A-24(d). That is, in light of the probate court’s order concluding that the father had not impliedly consented to the adoption of the child, the probate court had no alternative under § 26-10A-24(d) other than to enter an order dismissing the adoption action. Thus, the probate court is instructed to enter an order dismissing the adoption action; in that same judgment, the probate court must also order reimbursement to the prospective adoptive parents of the child’s living and medical expenses as required by § 26-10A-24(h).
APPLICATION OVERRULED; OPINION OF SEPTEMBER 25, 2015, WITHDRAWN; OPINION SUBSTITUTED; PETITION GRANTED; WRIT ISSUED.
THOMPSON, P.J., and PITTMAN and DONALDSON, JJ„ concur'.'
MOORE, J., concurs in the result, without writing.

. As we stated in Ex parte W.L.K., 175 So.3d at 655, the prohate court had denied the purported póstjudgmént motion filed by the prospective adoptive parents before the father’s first petition-for the writ of mandamus was filed. Although the motion was not, in actuality, a postjudgment motion because no final judgment had yet been entered, see Ex parte Troutman Sanders, LLP, 866 So,2d 547, 550 (Ala.2003), the probate court entered a written order in which it stated that it had considered'the evidence presented at trial and the arguments of counsel in denying the motion. Thus, the probate court indicated that it has already considered whether it should alter its judgment concluding that the father had not impliedly consented to the adoption of the child,

. This conclusion is most clearly stated in Judge Moore’s opinion concurring in the result in Ex parte W.L.K., 175 So.3d at 660 (Moore, J., concurring, in the result) (stating that the probate court's "only remaining option was to dismiss the adoption proceeding’’).