# Anders Bros., *et al. v.* Latimer, *et al.*

### Bill to Declare a Mortgage a General Assignment.

(Decided January 17, 1917. 73 South. 925.)

1. **Appeal and Error; Removal of Cause.**—Where an appeal is taken to the Supreme Court it removes the cause from the trial court and the filing of a replication to respondent's special plea in the court below after the perfection of the appeal cannot affect the result in the Supreme Court.

2. **Same; Harmless Error.**—The ruling on the appeal in the Supreme Court cannot be influenced by the dismissal of the proceedings in the bankruptcy court after the appeal was taken since the dismissal could not cure any error in the ruling of the trial court in holding respondent's special plea in abatement because of the pendency of the bankruptcy proceedings insufficient.

3. **Appeal and Error; Appeal.**—An appeal is the mode of commencing a new and independent proceeding in a court exercising revisory jurisdiction, the object of which is a revision of the proceedings of the trial court, and is a mode of initiating a judicial proceeding before a court of competent revisory jurisdiction, the appeal and notice thereof standing in the same relation to the revisory proceedings in the Supreme Court as the summons and complaint now stand, and as the capias ad respondendum formerly stood, to the suit in the circuit court.

4. **Appeal and Error; Antecedent Proceedings; Waiver.**—In the trial court the parties may waive the antecedent proceedings entirely and submit themselves to the jurisdiction of the court.

5. **Appeal and Error; Harmless Error; Curing Error.**—No act on the part of counsel for appellant, not consented to by respondents, after appeal taken, can cure material error committed by the trial court, or give cause for dismissing the appeal in the Supreme Court.

6. **Bankruptcy; Effect on Suit in State Court.**—Where involuntary bankruptcy proceedings had been instituted against respondents and were pending against them when complainants filed their bill to have a mortgage declared a general assignment and respondent filed a special plea praying for a stay of proceedings on account of pendency of such bankruptcy suit, the suit should have been stayed until the bankruptcy proceedings were determined, or until the bankruptcy court, after making the trustee a party to the suit had directed him to proceed.

7. **Same; Act of; General Assignment.**—Although not such in terms a general assignment is in legal effect an act of bankruptcy under the bankrupt law insuring an adjudication of the bankruptcy and the distribution of the bankrupt estate by the bankrupt court.

8. **Same; Stay.**—A special plea asking an abatement of a suit filed in the state court to have a mortgage declared a general assignment because of the pendency of bankrupt proceedings should have been granted by the trial court as directed by the bankruptcy act.

9. **Same; Dismissal Proceedings.**—If the bankruptcy proceedings against respondents had been dismissed, complainants may proceed to final judgment to have respondent's mortgage declared a general assignment.

10. **Evidence; Judicial Notice.**—Where complainants filed a bill to declare a mortgage a general assignment and respondents pleaded the pendency of bankrupt proceedings as a stay of the proceedings in the state court, and appealed from a rule declaring the plea insufficient, the Supreme Court cannot know judicially that the bankruptcy proceedings are dismissed, although alleged in replication to the plea after the appeal was taken.

APPEAL from Tusculoosa County Court.

Heard before Hon. HENRY B. FOSTER.

Bill by E. S. Latimer and others against Anders Brothers and others to have a mortgage declared a general assignment and for other relief. Respondents filed a plea setting up the pendency of bankrupt proceedings at the time the bill was filed. The court held this plea insufficient and respondents appealed. Pending said appeal complainants filed replication setting up the dismissal of the bankruptcy proceedings and having had that certified here complainants moved to dismiss the appeal on the ground that the question had become moot. Reversed and remanded with directions.

MOODY & MOODY, for appellant. MONETTE & TAYLOR, for appellee.

[Anders Bros., et al. v. Latimer, et al.]

MAYFIELD, J.—Appellees, as creditors of Anders Bros., a partnership, filed this their bill against appellants, under section 4295 of the Code, to have declared to be a general assignment a mortgage executed by their debtors to the First National Bank of Tuscaloosa. The respondents appeared specially and moved to dismiss the bill. This motion being overruled, they filed a special plea to abate or stay the suit on the ground of pendency of an involuntary bankruptcy proceeding against respondents Anders Bros. at the time the bill was filed and at the time of filing the plea. A hearing was had on the sufficiency of this plea, and it was by the trial court, on the 28th day of August, 1916, held insufficient. On the 5th day of September, 1916, respondents appealed; their obligation or security for costs being approved by the register on this date. On the 2d day of October, 1916, complainants filed a replication to this plea, setting up the fact that the bankruptcy proceeding relied upon in the plea had been dismissed and was therefore no longer pending. Thereupon appellees filed a motion in this court to dismiss appellants' appeal, because the ground for abating or staying the proceeding no longer existed, and the case here had become a moot one.

(1, 2) The appeal to this court, of course, removed the case from the county court to the Supreme Court, and appellees could not affect the result here by filing a replication in the court below; nor could the ruling on the appeal in this court be influenced by the dismissal of the proceedings in the bankruptcy court after the appeal was taken—that dismissal could not cure the error of the lower court (if error it was) in holding the plea insufficient.—*Ex parte Hood,* 107 Ala. 520, 18 South. 176; *Allen v. Allen,* 80 Ala. 154.

(3, 4) An "appeal in this state, is the mode of commencing a new and independent suit in this court, the object of which is a revision of the proceedings of the inferior court. It is the mode of initiating a judicial proceeding before a court of competent jurisdiction.—*Mazange v. Slocum,* 23 Ala. 668; *Cook v. Adams,* 27 Ala. 294. The appeal, and notice of it, stand in the same relation to the revising suit in this court in which the summons and complaint now stand, and in which the capias ad respondendum formerly stood, to the suit in the circuit court. They are alike modes of initiating a suit, the law-appointed means of acquiring jurisdiction of the court. The parties may, in the circuit court, waive the antecedent proceedings entirely, and sub-

mit themselves to the jurisdiction of the court.—*Hodges v. Ashurst*, 2 Ala. 301; *Bissell v. Carville*, 6 Ala. 503; *Caller v. Denson*, Minor, 19; *Thompson v. Lea*, 28 Ala. 459; 7 Mayf. Dig. 30.

Mr. Elliott, in his valuable work on Appellate Procedure, has thus stated the effect of an appeal upon the proceedings in the lower court: "The overwhelming weight of authority is that an appeal, properly perfected, removes a case wholly and absolutely from the trial court and places it in the higher tribunal. It is difficult to conceive how it could be otherwise, since it is not possible that two courts can have authority over a single case at the same time. The case must, of invincible necessity, be in the higher court or in the lower court, for it cannot be in both courts. As the authority of the inferior yields to the superior, the case is, for all purposes connected with the consideration and decision of the questions involved in it, completely within the jurisdiction of the appellate tribunal. The right to order process to enforce the judgment remains in the trial court, where there is no supersedeas or order staying proceedings; but all jurisdiction over questions involved in the litigation and embraced by the judgment terminates with the removal of the case to the appellate tribunal. The loss of jurisdiction is so complete as to require a party who seeks relief from any error, except an error in making the record or in omitting something from the record, to apply to the higher court. After the cause leaves the lower court, it cannot act upon any question involved in the appeal."—Section 541.

(5) No act on the part of counsel for appellees, not consented to by appellants, after appeal taken, can cure the error of the trial court in holding the plea insufficient, or give cause for dismissing the appeal in this court.

(6) The plea in this case alleges that the same counsel for appellant, before filing this bill, had instituted an involuntary bankruptcy proceeding against Anders Bros., and that the proceeding was pending when this bill was filed and when the plea was filed. While the bankruptcy court might not, alone, have been able to decree all the particular relief sought by the bill, yet it could have directed the trustee (if one was ever appointed) to file such a bill in the state court, and then have administered the assets; or it could have decided that the property mortgaged was subject to be adjudicated and distributed as a part of the estate of the bankrupt. While the jurisdictions of the state court

and the bankrupt court were not necessarily inconsistent, they were cetrainly to some extent concurrent, in the relief to be awarded; and, the jurisdiction of the bankrupt court having first attached and being then pending, the suit in the state court should have been stayed until the bankruptcy proceedings were determined, or until the latter court, after making the trustee (if one was ever appointed) a party to the suit, directed the former to proceed.

(7) The respondents ought not to be harassed by two suits or proceedings at the same time, both of which are aimed at, and may proceed to, the same end. This suit is intended to establish the fact that Anders Bros. have made a general assignment, not in terms, but in legal effect under our statute, and to distribute the assets among the assignors' creditors. If this fact be established or adjudicated, then the general assignment, in and of itself, under the very word of the bankruptcy statute, is an act of bankruptcy, and would insure the adjudication of bankruptcy and the distribution of the assets by the bankruptcy court. The assets could not be administered at the same time, or at different times, by two different courts, under two systems. Subsection "a" of section 11 of the Bankruptcy Act of 1898 expressly provides that certain actions and suits be stayed until after the adjudication or the dismissal of the petition, etc. This suit, we hold, falls within the provisions of the bankruptcy statute, and should have been stayed as the statute provides.—*Lea v. George M. West Co.* (D. C.) 91 Fed. 237-239; *Leidigh Carriage Co. v. Stengel,* 95 Fed. 637-645, 37 C. C. A. 210; *In re. Standard Fuller's Earth Co.* (D. C.) 186 Fed. 578, 582; *Davis v. Bohle,* 92 Fed. 325, 327, 34 C. C. A. 372; *Lockwood v. Exchange Bank,* 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. The litigation in each of the two courts involves the administration of the entire estate of the alleged bankrupt; one court or the other must proceed, not both. The law is that the bankruptcy court shall proceed, and the proceeding in the state court be stayed until the adjudication of the bankruptcy, or the dismissal of the petition, with other conditions not important here. Even where the jurisdiction of the state court first attaches, the proceedings therein will be stayed, when the bankruptcy jurisdiction is properly invoked, and attaches, if the case, suit, or proceeding falls within the bankruptcy statute. It therefore follows that the proceedings in the lower court, in this case, should have been stayed, when it was made to appear

[Anders Bros., et al. v. Latimer, et al.]

to the court that a bankruptcy proceeding was then pending, which might result in the distribution of all the assets sought to be distributed in the state court.

(8, 9) The plea filed sought, not a stay or continuance of the proceeding, but an abatement thereof entirely. This ought not to have been done; so the relief sought, or the action of the court invoked, ought not to have been awarded; but the proceeding should have been stayed, as directed by the bankruptcy statute. If the suit had been so stayed, it could and should have proceeded when the bankruptcy proceedings were dismissed; but the bankruptcy proceedings were not dismissed until after this appeal was taken, so that we cannot consider this fact, on this appeal, to dismiss the appeal or cure the error in declining to stay the proceedings. If the bankruptcy proceedings are in fact now dismissed, as appears by the replication filed after the appeal was taken, and no other like proceeding is now pending, this suit may and should now proceed to final judgment.

(10) It would be useless to reverse the trial court, of course, if no bankruptcy proceedings are now pending, and when the case could and should proceed to judgment or decree; but as we cannot, on this appeal, judicially know that the proceedings alleged to be pending, in the plea, are dismissed, as alleged in the replication filed after the appeal, we deem it the proper course to reverse and remand the cause, with the directions to the trial court that, if it be made to appear that no bankruptcy proceedings are now pending against appellants Anders Bros.—which, being a matter of record, can be easily and accurately ascertained—the complainants be allowed to proceed to final judgment; but that if it be made to appear that bankruptcy proceedings are now, or at the time of the hearing in the lower court were, pending, then the proceedings be stayed, as directed by subsection "a" of section 11 of the Bankruptcy Act of 1918, until after the adjudication of bankruptcy, or the dismissal of the petition for bankruptcy.

Reversed and remanded, with directions.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.