SENTELL, Clerk.
RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION DOCKET FEE — APPEAL FROM A DISTRICT COURT TO THE CIRCUIT COURT
Mr. Jimmy Lindsey, Circuit Clerk of De-Kalb County, has submitted the following inquiry regarding Rule 7, Alabama Rules of Judicial Administration:
“Would you please advise me in writing as to what authority, if any, I have to collect a docketing fee for district court civil cases appealed to circuit civil court.”
Section 12-2-19(d), Code of Alabama 1975, authorizes the Clerk of the Supreme Court to “give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same.”
It is my opinion that Rule 7, Alabama Rules of Judicial Administration, considered with §§ 12-19-71, 12-12-70 and 12-12-71, Code of Alabama 1975, authorizes a circuit clerk to collect a docket fee on an appeal of a civil case from the district court to the circuit court. Rule 7, supra, is as follows:
FEES FOR MISCELLANEOUS FILINGS
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes.”
“Consolidated fee structure” in Rule 7 means the fees prescribed in Chapter 19 of Title 12, Code of Alabama 1975. Opinion of Clerk, Ala., 356 So.2d 636 (1978). There is no express cost under Chapter 19 of Title 12 for filing in the circuit court an appeal from the district court.
In my opinion, the words, “an original filing for cost purposes,” refer to § 12-19-71(3).
The part of § 12-19-71 pertinent to this opinion reads as follows:
“The docket fees collected in civil cases shall be: .
(3) Thirty-five dollars for cases filed in circuit court.”
The right of appeal and the procedure for appeals from the district courts to the circuit courts are stated in § 12-12-70, Code of Alabama 1975.
The prevailing rule in Alabama is that an appeal is the institution of a new statutory proceeding. Ohio Cas. Ins. Co. v. Gantt, 256 Ala. 262, 54 So.2d 595 (1951); Anders Bros. v. Latimer, 198 Ala. 573, 73 So. 925 (1917); Cook v. Adams, 27 Ala. 294 (1855); Mazange v. Slocum & Henderson, *1260 23 Ala. 668 (1853). The rationale of this rule is stated in Anders Bros. v. Latimer, supra, as follows:
“An ‘appeal,’ in this state, is the mode of commencing a new and independent suit in this court, the object of which is a revision of the proceedings of the inferior court. It is the mode of initiating a judicial proceeding before a court of competent jurisdiction.”
Section 12-12-71, Code of Alabama 1975, provides that, with certain exceptions not pertinent to this opinion, “all appeals from final judgments of the district court shall be to the circuit court for trial de novo.”
In Rudolph v. State, 286 Ala. 189, 238 So.2d 542 (1970), the Supreme Court of Alabama wrote:
“The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.”
It is my opinion that an appeal from a district court to a circuit court is a case within the meaning of the words, “cases filed,” in § 12-19-71; that a filing of an appeal is a filing under Rule 7, Rules of Judicial Administration; and that the fee for docketing an appeal from the district court to the circuit court is $35.00.