RULE 7, ALABAMA RULES OF JUDICIAL ADMINISTRATION— ALP-PEALS TO CIRCUIT COURT; JURY DEMANDS

ESDALE, Clerk.
Frank Gregory, administrative director of courts, has submitted the following questions, pursuant to Ala.Code 1975, § 12-2-19(d):
“1. If more than one party to an action appeals a decision of the district court to the circuit court, must each of such parties pay a docket fee?
“2. If more than one party to an action appeals a decision of the district court to the circuit court and demands a jury trial, must each of such parties pay a ‘jury demand’ fee?”
These questions require an interpretation of Rule 7, Alabama Rules of Judicial Administration:
“Fees for miscellaneous filings.
“Any filing for which there is no express cost under the consolidated fee structure shall be treated as an original filing for cost purposes unless the payment of a docket or filing fee is specifically waived by law.”
The term “consolidated fee structure” in Rule 7 means the list of fees prescribed in Ala.Code 1975, § 12-19-70. Opinion of the Clerk, No. 23, 381 So.2d 55 (Ala.1980). The phrases “[a]ny filing” and “as an original *569 filing for cost purposes” in Rule 7 are to be read in conjunction with the phrase “cases filed” in § 12-19-71. Opinion of the Clerk, No. 49, 613 So.2d 882 (Ala.1993).
Ala.Code 1975, § 12-11-30(3), provides for the appellate jurisdiction of the circuit courts, and it specifically provides that “[ajppeals to the circuit court shall be tried de novo, with or without a jury, as provided by law.” In Opinion of the Clerk, No. 16, 362 So.2d 1259 (Ala.1978), the clerk stated that the circuit court could collect a docketing fee for the filing of an appeal from the district court; that opinion went on to state:
“The prevailing rule in Alabama is that an appeal is the institution of a new statutory proceeding. The rationale of this rule is stated in Anders Bros. v. Latimer, [198 Ala. 573, 73 So. 925 (1917)], as follows:
“ ‘An “appeal,” in this state, is the mode of commencing a new and independent suit in this court,the object of which is a revision of the proceedings of the inferi- or court. ... ’
[[Image here]]
“In Rudolph v. State, 286 Ala. 189, 238 So.2d 542 (1970), the Supreme Court of Alabama wrote:
“‘The very word de novo itself means anew, afresh, trying anew the matters involved in the original hearing as if they had not been heard before and as if no decision had been previously entered.’ ”
362 So.2d at 1259-60 (certain citations omitted).
Section 12-19-70(a) provides:
“(a) There shall be a consolidated civil filing fee, known as a docket fee, collected from a plaintiff at the time a complaint is filed in circuit court or in district court.”
An appeal to the circuit court from the district court initiates a “new and independent” action in the circuit court, “as if no decision had been previously entered” in the district court; thus, the appealing party stands in the same position as an original plaintiff filing a complaint to initiate an action in the circuit court.
There is no separate provision for the assessment of fees in an appeal from the district court to the circuit court; therefore, § 12-19-70 applies and requires that a docket fee be collected when an appeal is filed in the circuit court from an adverse judgment in the district court. Opinion of the Clerk, No. 16, supra. It is my opinion that, when an appeal is taken from the district court to the circuit court by “more than one party,” the procedure for assessing the docket fee will be identical to the procedure for assessing a docket fee when an initial complaint is filed in the circuit court. In other words, when a decision of the district court is appealed to the circuit court by multiple parties who file one notice of appeal, only one docket fee should be charged; however, if two or more parties appeal the district court decision by filing separate notices of appeal, a docket fee should be charged for each ease filed.
Section 12-19-71 also provides that the civil docket fee is to be increased by “[a]n additional $51.00 to be paid at the time the jury is demanded by any party demanding a jury.” Based on the foregoing reasoning, it is my opinion that, in an appeal from the district court to the circuit court, the circuit court clerk shall impose the “jury demand” fee in the same manner as it is imposed when an initial complaint is filed in the circuit court and contains a demand for a jury trial. In other words, if a decision of the district court is appealed to the circuit court by multiple parties who file one notice of appeal, and a jury demand is made, it is not necessary that each of the parties pay a jury demand fee.
Rule 38, Ala.R.Civ.P., provides:
“(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury....
“In all actions in the circuit court brought by appeal or certiorari from any judgment of an inferior court, the party filing the notice of appeal or action for writ of certiorari may demand a trial by jury of any issue, triable of right by a jury, by serving upon the other parties a demand therefor in writing not later than ten (10) days after filing said notice or petition;
[[Image here]]
*570 “(c) Same: Specification of Issues. In the demand a party may specify the issues which the party wishes so tried; otherwise,the party shall be deemed to have demanded trial by jury for all the issues so triable. If the party has demanded trial by jury for only some of the issues, any other party within ten (10) days after service of the demand or such lesser timé as the court may order, may serve a demand for trial by jury of any other or all of the issues of fact in the action.”
(Emphasis added.)
Based on Rule .38, I conclude that if one party appeals to the circuit court and demands a jury trial, specifying issues to be tried by the jury, and another party specifies different or additional issues to be tried by the jury, then the second appellant should also pay a jury demand fee.