The Montgomery Circuit Court determined that Jefferson Smurfit Corporation (U.S.) ("Jefferson Smurfit") could not proceed on its appeal of the Alabama Department of Revenue's denial of its petition for a refund of franchise taxes and dismissed its appeal. The Court of Civil Appeals affirmed the trial court's decision, without opinion. Jefferson Smurfit Corporation(U.S.) v. Surtees (No. 2030987, April 22, 2005),945 So.2d 496 (Ala.Civ.App. 2005) (table). We granted Jefferson Smurfit's petition for the writ of certiorari, and we now reverse the judgment of the Court of Civil Appeals.
 Facts and Procedural History
In December 1996, Jefferson Smurfit, an out-of-state company,[1] petitioned the Alabama Department of Revenue ("the Department") for a refund of franchise taxes paid in 1994, 1995, and 1996,[2] alleging that Alabama's franchise-tax structure discriminates against interstate commerce and is therefore unconstitutional. Because the Department did not respond to Jefferson Smurfit's refund petitions within six months, the petitions were denied by operation of law. See §40-2A-7(c)(3), Ala. *Page 661 
Code 1975, a provision of the Alabama Taxpayers' Bill of Rights, Ala. Code 1975, § 40-2A-1 et seq. ("the TBOR").[3]
In December 1998, Jefferson Smurfit appealed the Department's denial of its 1994, 1995, and 1996 refund petitions by filing a "Complaint on Notice of Appeal" in the Montgomery Circuit Court, pursuant to Ala. Code 1975, 40-2A-7(c)(5)b.[4] Jefferson Smurfit contended that Alabama's franchise-tax structure is unconstitutional. At the time, the case of South CentralBell Telephone Co. v. Alabama, 526 U.S. 160,119 S.Ct. 1180, 143 L.Ed.2d 258 (1999), which was also a constitutional challenge to Alabama's franchise-tax structure, was pending before the Supreme Court of the United States. Therefore, Jefferson Smurfit and the Department filed a joint stipulation asking the trial court to place Jefferson Smurfit's appeal on the court's administrative docket pending resolution of that case. The trial court granted their request.
In March 1999, the Supreme Court of the United States declared Alabama's franchise-tax structure unconstitutional as impermissibly discriminating against inter-state commerce.South Central Bell, 526 U.S. at 169, 119 S.Ct. 1180 ("[W]e conclude that this Court's Commerce Clause precedent requires us to hold Alabama's franchise tax unconstitutional.").
On September 15, 1999, Jefferson Smurfit petitioned the Department seeking a refund of franchise taxes for the 1999 tax year, citing South Central Bell.[5] In March 2000, Jefferson Smurfit's 1999 refund petition was denied by operation of law, under Ala. Code 1975, § 40-2A-7(c)(3).
On October 30, 2000, Jefferson Smurfit filed in the Montgomery Circuit Court its "First Amendment to Complaint on Notice of Appeal" seeking to add to its appeal of the Department's denials of the refund petitions for 1994, 1995, and 1996 an appeal of the Department's denial of Jefferson Smurfit's 1999 refund petition. Jefferson Smurfit's amended notice of appeal states that it incorporates all the claims, arguments, and facts contained in the initial notice of appeal, and cites SouthCentral Bell as authority for its entitlement to a full refund of all franchise taxes paid for the tax year 1999.
On November 7, 2000, the Department answered Jefferson Smurfit's amended notice of appeal, admitting that Alabama's franchise-tax scheme had been declared unconstitutional, but requesting that the trial court nevertheless deny Jefferson Smurfit's request for a refund. The Department also requested a further stay of the case, pending this Court's decision in Patterson v.Gladwin, 835 So.2d 137 (Ala. 2002), another case involving the State's franchise-tax structure, which the Department contended "may govern this case." On January 29, 2001, the Department filed an "Amended Answer" raising various defenses.
On May 17, 2002, we issued our decision in Patterson v.Gladwin. Our decision affected taxpayers that sought refunds of *Page 662 
franchise taxes through a direct action in the circuit court against the State; thus, it did not determine the outcome of Jefferson Smurfit's case, which seeks a refund of franchise taxes in a proceeding brought under the TBOR.
In July 2002, the trial court appointed a special master to facilitate the large number of franchise-tax cases then pending before that court.[6] On November 22, 2002 — more than two years after Jefferson Smurfit had filed its amended notice of appeal — in an informal conference with the special master, the Department mentioned — Jefferson Smurfit contends for the first time — that it believed Jefferson Smurfit's amended notice of appeal was improper. On January 21, 2003, the Department formally asserted for the first time, by submitting a letter brief to the special master, that Jefferson Smurfit's amended notice of appeal was not a "notice of appeal" under the TBOR. The Department also argued that a new notice of appeal would be barred by the TBOR's two-year statute of limitations.[7]
On February 14, 2003 — two and a half years after Jefferson Smurfit had amended its notice of appeal — the Department moved to strike Jefferson Smurfit's amended notice of appeal. The Department argued that the amendment was improper under Rule 15(d), Ala. R. Civ. P., which addresses supplemental pleadings. On February 27, 2003, Jefferson Smurfit (jointly with the many other taxpayers who had sought to appeal the Department's denials of refunds by amending their notices of appeal from previous refund denials) opposed the Department's motion to strike.
The special master submitted a recommendation to the trial court to not allow Jefferson Smurfit's amended notice of appeal, concluding that the amended notice of appeal was insufficient under the TBOR and, alternatively, that the amended notice was improper under Rule 15(d), Ala. R. Civ. P., because Jefferson Smurfit had not formally sought leave of court before amending its notice of appeal.[8] On March 9, 2004, the trial court adopted the special *Page 663 
master's recommendation and entered an order finding (1) that Jefferson Smurfit's amended notice of appeal did not strictly comply with the appeal procedures in the TBOR, and (2) that the amended notice violated Rule 15(d), Ala. R. Civ. P. Thus, the trial court dismissed Jefferson Smurfit's amended notice of appeal. The trial court certified its order as appropriate for interlocutory appeal, pursuant to Rule 5, Ala. R.App. P.[9]
Jefferson Smurfit petitioned this Court for the writ of certiorari. We granted Jefferson Smurfit's petition to consider, as a question of first impression, whether under the TBOR a taxpayer can amend a previously filed notice of appeal to include an additional refund petition for a tax year occurring after the original notice of appeal was filed.
 Analysis I.
The TBOR sets forth alternative procedures for a taxpayer to appeal from the denial of a petition for a refund:
 "(5) PROCEDURES IF REFUND DENIED; APPEAL.
 "a. A taxpayer may appeal from the denial in whole or in part of a petition for refund by filing a notice of appeal with the Administrative Law Division within two years from the date the petition is denied, and the appeal, if timely filed, shall proceed as hereinafter provided for appeals to the Administrative Law Division.
 "b. In lieu of appealing to the Administrative Law Division, the taxpayer may appeal from the denial of a petition for refund by filing a notice of appeal with the Circuit Court in Montgomery County, Alabama, or the circuit court of the county in which the taxpayer resides or has a principal place of business in Alabama, as appropriate, by filing the notice of appeal within two years from the date the petition is denied. The circuit court shall hear the appeal according to its own rules and procedures and shall determine the correct amount of refund due, if any."
Ala. Code 1975, § 40-2A-7(c).
Jefferson Smurfit proceeded under § 40-2A-7(c)(5)b. with respect to the denial of its refund petitions for 1994, 1995, and 1996, by filing a "Complaint on Notice of Appeal" with the Montgomery Circuit Court. There is no dispute that this notice of appeal complies with the requirements of the TBOR. Jefferson Smurfit likewise sought to proceed under § 40-2A-7(c)(5)b. with respect to its refund for 1999 by filing an "Amended Complaint on Notice of Appeal" with the Montgomery Circuit Court, adding its claim for 1999 to its earlier filed claims. The Department contends that Jefferson Smurfit's amended notice of appeal fails to comply with the TBOR.
The TBOR broadly defines a "notice of appeal" as "[a]ny written notice sufficient to identify the name of the taxpayer or other party appealing, the specific matter appealed from, the basis for that appeal, and the relief sought." Ala. Code 1975, §40-2A-3(12). The Department has conceded, for the sake of argument, that Jefferson Smurfit's amended notice of appeal meets the TBOR's definition of a "notice of appeal."
Alabama Code 1975, § 40-2A-7(c)(5)c, requires that "[i]f an appeal is not filed with the Administrative Law Division or the circuit court within two years of the date the petition is denied, then the appeal shall be dismissed for lack of jurisdiction." Jefferson Smurfit's appeal of the denial of its request for a refund of franchise taxes for 1999 was denied by operation of law on or about March 15, 2000 — 6 months after it was filed. See Ala. Code 1975, §40-2A-7(c)(3). *Page 664 
Jefferson Smurfit filed its amended notice of appeal on October 30, 2000. Thus, Jefferson Smurfit's amended notice of appeal was filed within two years of the denial of the refund request.
Although Jefferson Smurfit's amended notice of appeal undisputedly meets the TBOR's definition of a "notice of appeal" and was timely filed, the Department argues that Jefferson Smurfit's "amended notice of appeal" does not comply with the TBOR. The Department infers from the use of the word "filing" in Ala. Code 1975, § 40-2A-7(c)(5)b., that Jefferson Smurfit was required, in order to appeal the denial of its 1999 refund petition, to institute a new action in the circuit court. The Department further infers that, because the circuit court "shall hear the appeal according to its own rules and procedures," § 40-2A-7(c)(5)b., the filing of a new action includes paying a filing fee[10] and perfecting service of process on the Department, under Rule 4(c)(7), Ala. R. Civ. P.,[11] none of which Jefferson Smurfit did by amending its notice of appeal to include its 1999 refund claim.
In support of its contention that Jefferson Smurfit was required to meet the procedural requirements that accompany the filing of a new action in the circuit court when it filed its amended notice of appeal, the Department cites Opinion ofthe Clerk, No. 51, 708 So.2d 568, 569 (Ala. 1997),[12] for the proposition that "[t]he prevailing rule in Alabama is that an appeal is the institution of a new statutory proceeding." (Quoting Opinion of the Clerk, No. 16, 362 So.2d 1259,1259-60 (Ala. 1978)). However, neither that statement nor any other authority the Department cites supports the Department's argument that amending a notice of appeal is the institution of a new action that requires the payment of a separate initial filing fee and another perfecting of service of process on the Department, all separate and apart from the action that was instituted upon the filing of the initial notice of appeal.[13] *Page 665 
Under the Alabama Rules of Civil Procedure, the filing of an amended complaint is not the institution of a new action separate and apart from the institution of the initial complaint, requiring the payment of a new filing fee and service of process upon previously served defendants. See Rule 5, Ala. R. Civ. P. ("every pleading subsequent to the original complaint" is to be served according to Rule 5 — that is, generally, by service upon a party's attorney — instead of in accordance with Rule 4, Ala. R. Civ. P.). Thus, the Department's argument that the TBOR prohibited Jefferson Smurfit from filing an amended notice to appeal the Department's denial of Jefferson Smurfit's 1999 refund request is unpersuasive.
Moreover, as Jefferson Smurfit points out, the requirement the Department would impose upon Jefferson Smurfit — instituting a new action, including the payment of a filing fee and perfecting service of process — does not appear in the TBOR. While it is true, as the Department argues, that the requirements of the TBOR are to be strictly complied with,Patterson v. Gladwin, 835 So.2d at 151, it is also true that the TBOR is to be "liberally construed to allow substantial justice." Ala. Code 1975, § 40-2A-2(1)a. With respect to the filing of a notice of appeal in the circuit court, the TBOR requires only that the notice of appeal be written and "sufficient to identify the name of the taxpayer or other party appealing, the specific matter appealed from, the basis for that appeal, and the relief sought," Ala. Code 1975, §40-2A-3(12), and that it be timely filed, Ala. Code 1975, § 40-2A-7(c)(5)c. The TBOR does not state that an appealing taxpayer must file a new and independent action in the circuit court and pay an additional filing fee and perfect service of process on the Department for each refund denial it seeks to appeal, even though the taxpayer has other denials pending in the circuit court at the time;[14] the TBOR does not indicate that filing an amended notice of appeal in lieu of a new notice of appeal is noncompliant with the TBOR. The TBOR instead states that the circuit court is to proceed with the appeal "according to its own rules and procedures." Ala. Code 1975, § 40-2A-7(c)(5)b. The Alabama Rules of Civil Procedure and the Alabama Code do not require the payment of a filing fee and service of process for amending a complaint. Seegenerally, Rule 5, Ala. R. Civ. P.
In short, we agree with the Department that the right to a franchise-tax refund is a matter of legislative grace and that strict compliance with the TBOR is the exclusive means by which to obtain a franchise-tax refund.[15] Patterson v.Gladwin, *Page 666 
supra. However, we cannot agree with the Department that Jefferson Smurfit has failed to comply strictly with the TBOR. To agree with the Department's argument — that is, to impose upon Jefferson Smurfit a requirement that is not in the TBOR and that is incongruous with the Alabama Rules of Civil Procedure — would be to construe the TBOR inconsistently with the express legislative intent that the TBOR be "liberally construed to allow substantial justice." § 40-2A-2(1)a. Thus, we conclude that the trial court could not have properly dismissed Jefferson Smurfit's amended notice of appeal on the basis that it did not comply with the requirements of the TBOR.
 II.
As an alternative basis for dismissing Jefferson Smurfit's amended notice of appeal, the trial court concluded that the amendment was impermissible under Rule 15(d), Ala. R. Civ. P. Because we must affirm a lower court's judgment if it is correct for any reason, we will address whether the trial court properly dismissed Jefferson Smurfit's amended notice of appeal on that basis.
Rule 15(d), Ala. R. Civ. P., "Supplemental Pleadings,"[16]
provides:
 "Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time thereof."
"The purpose of [Rule 15(d), Fed.R.Civ.P.,] is to promote as complete an adjudication of the dispute between the parties as is possible."[17] 6A Charles Alan Wright, Arthur R. Miller Mary Kay Kane, Federal Practice Procedure: Civil 2d
§ 1504 (1990) (footnotes omitted).
Jefferson Smurfit denominated its second notice of appeal as an "amendment," although it is actually a supplemental notice of appeal.[18] However, *Page 667 
 "the distinction between amended and supplemental pleadings is sometimes ignored completely. Inasmuch as the discretion exercised by the court in deciding whether to grant leave to amend is similar to that exercised on a motion for leave to file a supplemental pleading, the court's inattention to the formal distinction between amendment and supplementation is of no consequence."
6A Wright, Miller Kane, § 1504 (footnotes omitted). Although a supplemental pleading always requires leave of court to file, whereas an amended pleading sometimes does not, the effect of that difference is often of little consequence:
 "[The difference] is that certain amendments may be made as a matter of course within stated time periods, whereas all supplemental pleadings require leave of court. But even if a supplemental pleading is interposed by a party without leave of court in the mistaken belief it is a Rule 15(a) amendment that may be made as a matter of course, it is doubtful that any prejudice would accrue to the opposing party because the time during which amendments as of right may be filed is relatively short and comes early in the action so that prejudice to any other party is unlikely."
6A Wright, Miller Kane, § 1504.
Under the Federal Rules of Civil Procedure, an amendment as of right may be filed "at any time before a responsive pleading has been served." Rule 15(a), Fed.R.Civ.P. Under the Alabama Rules of Civil Procedure, an amendment as of right may be filed "at any time more than forty-two (42) days before the first setting of the case for trial," subject to disallowance on the court's own motion or on a motion to strike filed by an adverse party. Rule 15(a), Ala. R. Civ. P. Thus, it may be more likely under the Alabama Rules of Civil Procedure that a party might be prejudiced by a supplemental pleading made without leave of court during the time allowed for amending a complaint as of right: the time period within which the amendment can be made — at any time more than 42 days preceding the first trial date — may be longer than the typically 30-day period preceding the filing of a responsive pleading. Nonetheless, the concern is the actual prejudice to the adverse party in allowing the supplemental pleading. See generally 6A Wright, Miller Kane, § 1504.
When Jefferson Smurfit filed its supplemental notice of appeal, without moving the trial court for permission to do so, a trial date had not been set, nor had the Department responded to Jefferson Smurfit's initial notice of appeal. Thus, "it is doubtful that any prejudice would accrue" to the Department in allowing the supplemental notice of appeal without leave of court. Indeed, we cannot find that any actual prejudice resulted to the Department from Jefferson Smurfit's failure to seek leave to supplement its notice of appeal. "Normally, an amendment should be denied only if the amendment would cause actual prejudice to the adverse party." Rule 15, Ala. R. Civ. P., Committee Comments on 1973 Adoption, citing 6 Wright, Miller Kane, Federal Practice Procedure: Civil
§ 1484 (1971). We think that the same principle applies to supplemental pleadings. See generally 6A *Page 668 
Wright, Miller Kane, § 1504 ("the court's inattention to the formal distinction between amendment and supplementation is of no consequence"). In addition, "[t]he practice is usually liberal in allowing supplemental pleadings." Rule 15, Ala. R. Civ. P., Committee Comments on 1973 Adoption.
If Jefferson Smurfit had moved the trial court for permission to supplement its notice of appeal, the trial court should have "freely granted" the permission if "doing so [would] promote the economic and speedy disposition of the entire controversy between the parties, [would] not cause undue delay or trial inconvenience, and [would] not prejudice the rights of any of the other parties to the action." 6A Wright, Miller Kane, § 1504. We noted in Image Marketing, Inc. v. FlorenceTelevision, L.L.C., 884 So.2d 822 (Ala. 2003), that a supplemental pleading[19] filed without leave of court may be given effect if leave would have been granted:
 "In Hoover v. Blue Cross Blue Shield of Alabama, 855 F.2d 1538 (11th Cir.1988), the United States Court of Appeals for the Eleventh Circuit addressed the legal effect of an attempt to amend a complaint without obtaining leave of court when the amendment could not be made as of right. There, the court stated:
 "`In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment is resubmitted for the court's approval.'
 ". . . The court in Hoover noted, however, as an aside, that `an untimely amended pleading served without judicial permission may be considered as properly introduced when leave to amend would have been granted had it been sought.' 855 F.2d at 1544."
884 So.2d at 825-26. There is no indication that the trial court in this case would not have granted Jefferson Smurfit leave to supplement had it so requested. Indeed, it appears to us that the trial court should have granted Jefferson Smurfit leave to supplement had it so moved the trial court.[20]
If the Department felt aggrieved by Jefferson Smurfit's supplementing its notice of appeal without leave of court, it should have timely brought the matter to the trial court's attention by moving the trial court to strike the supplemental notice of appeal. *Page 669 
"An opposing party who does feel aggrieved [by the supplementation of a pleading without leave of court in the mistaken belief it is a Rule 15(a) amendment] may move to strike the mislabeled pleading, which would have the practical effect of bringing the question of its propriety before the court as if it had been raised on a motion under Rule 15(d)." 6A Wright, Miller Kane, § 1504. See also Agio Indus., Inc. v. DeltaOil Co., 485 So.2d 340, 342 (Ala.Civ.App. 1986) (the best practice in dealing with an amended complaint is either to submit an answer or to move to strike the amendment under Rule 12(f), Ala. R. Civ. P.).
The Department moved the trial court to strike Jefferson Smurfit's supplemental notice of appeal two and a half years after Jefferson Smurfit had filed a supplemental notice of appeal.[21] By that time, Jefferson Smurfit was barred by the time limitations of the TBOR from filing another action.See Ala. Code 1975, § 40-2A-7(c)(5)c. Thus, granting the Department's motion to strike, which it had failed to file until that late date, resulted in severe prejudice to Jefferson Smurfit. In addition, Rule 12(f), Ala. R. Civ. P., indicates that a party may move to strike only before responding to a pleading.[22] When the Department moved to strike Jefferson Smurfit's supplemental notice of appeal, it had already answered the pleading.
Jefferson Smurfit argues that holding it to the formalistic requirements of Rule 15(d), Ala. R. Civ. P., while allowing the Department to sit on its objection until the statutory period of limitations of the TBOR had expired allows the Alabama Rules of Civil Procedure to operate as a "trap for the unwary." Jefferson Smurfit contends that such a construction is contrary to our prior decisions and cites Kissic v. Liberty National LifeInsurance Co., 641 So.2d 250, 252 (Ala. 1994) ("Any construction of [a rule of procedure] on our part that could, under certain circumstances, create a trap for an unwary attorney would surely violate the spirit, if not the letter, of our rules of civil procedure."); Barnes v. Dale,530 So.2d 770, 777 (Ala. 1988) ("formality is subordinate to the substantive interests of the parties"); and Hand v.Thornburg, 425 So.2d 467, 469 (Ala.Civ.App. 1982) ("Myriad changes have been made . . . in an attempt to eliminate, or soften the effect of, ultra technical rules of civil trial and appellate procedures thereby striving for a just, speedy and inexpensive determination of each civil action upon its merits."). We agree.
Because the Department suffered no prejudice by Jefferson Smurfit's supplementing its notice of appeal without leave of court, and because allowing the Department to sit on its objection to the supplement until Jefferson Smurfit was time-barred from filing a new action greatly prejudiced Jefferson Smurfit (and the franchise tax Jefferson Smurfit seeks to have refunded was indisputably unconstitutionally collected), we cannot agree that the trial court was correct in dismissing Jefferson Smurfit's supplemental notice of appeal because Jefferson Smurfit did not seek leave of court to file it. *Page 670 
 Conclusion
The TBOR did not require Jefferson Smurfit to institute a new action to bring the denial of its 1999 refund petition before the circuit court. In addition, the trial court exceeded its discretion in dismissing Jefferson Smurfit's supplemental notice of appeal for failing to seek leave of court to file it. Accordingly, we reverse the Court of Civil Appeals' judgment affirming the trial court's order of dismissal of Jefferson Smurfit's supplemental notice of appeal, and we remand this case for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and LYONS, HARWOOD, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.
[1] Jefferson Smurfit Corporation (U.S.) merged with Container Corporation of America effective December 31, 1994; the surviving company operates under the name Jefferson Smurfit Corporation (U.S.).
[2] Jefferson Smurfit filed three separate refund petitions, one for each year. The three refund petitions were submitted to the Department together, the cover letter requesting "that these petitions be maintained together regarding any and all refund or appeal processes, actions, or related correspondence pertaining to these filings."
[3] Section 40-2A-7(c)(3), Ala. Code 1975, provides:
 "The [D]epartment shall either grant or deny a petition for refund within six months from the date the petition is filed. . . . If the [D]epartment fails to grant a refund within the time provided herein, the petition for refund shall be deemed to be denied."
[4] Jefferson Smurfit's notice of appeal initiated the action in the circuit court and is styled as a "Complaint on Notice of Appeal." We therefore treat its notice of appeal as a "pleading" for purposes of the applicability of the Alabama Rules of Civil Procedure. See note 16.
[5] Jefferson Smurfit paid only the minimum franchise tax due for the tax years 1997 and 1998 and therefore did not file refund petitions for those years.
[6] Jefferson Smurfit asserts that there are 20 cases pending in the Montgomery Circuit Court in which a taxpayer filed an amended notice of appeal without leave of court; the Department did not object at the time the amendment was filed; and the Department filed a motion to strike the amended notice of appeal after substantial time had passed. The special master designated Jefferson Smurfit's case as a "test case" to determine whether the amended notices of appeal are permissible.
[7] Section 40-2A-7(c)(5)c, Ala. Code 1975, provides:
 "If an appeal is not filed with the Administrative Law Division or the circuit court within two years of the date the petition is denied, the appeal shall be dismissed for lack of jurisdiction."
[8] The entirety of the special master's analysis on these two points is as follows:
 "The taxpayers argue that the amendments constitute `Notices of Appeal' as defined by Ala. Code [1975,] § 40-2A-3(12), but ignore the fact that they have not instituted a new independent action, have not paid a filing fee and did not serve the parties required to be served by the TBOR. Moreover, the amendments are improper under the Alabama Rule of Civil Procedure 15(d) as they raise allegations relating to `transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented' (later tax years) as permission to supplement was not sought or granted. These alleged amendments are a nullity and ineffective. If the taxpayer files a timely Notice of Appeal and new civil action in the future, the claims may be presented timely."
Jefferson Smurfit's refund petition for the tax year 1999 was denied in March 2000; thus, an appeal as to the 1999 tax year would have been untimely if one were filed after the special master issued his report in February 2004.
[9] The trial court also later certified its order as final under Rule 54(b), Ala. R. Civ. P.
[10] In support of its contention that Jefferson Smurfit was required to pay an additional filing fee, the Department cites Ala. Code 1975, § 12-19-71(3), which, before it was rewritten effective May 26, 2004, provided: "The docket fees which shall be collected in civil cases shall be: . . . [o]ne hundred ten dollars for cases filed in the circuit court. . . ."
[11] Rule 4(c)(7), Ala. R. Civ. P., provides that service of process shall be made upon the State or any one of its departments "by serving the officer responsible for the administration of the department . . . and by serving the attorney general of this state. . . ."
[12] Alabama Code 1975, § 12-2-19(d), addresses opinions of the clerk:
 "The Clerk of the Supreme Court shall give his opinion in writing on any question of the interpretation of any rule of administration promulgated by the Supreme Court to any other officer or official of the state who shows a need for such opinion and requests the same. The written opinion of the Clerk of the Supreme Court shall protect the officer or official to whom it is directed as well as other officers or officials who use it as guidance from liability to either the state, county or any municipal subdivision of the state because of any official act or acts performed as directed or advised in such opinion; provided, however, that such opinion shall be merely advisory. . . ."
[13] The Department also quotes the following fromOpinion of the Clerk, No. 51: "An appeal to the circuit court from the district court initiates a `new and independent' action in the circuit court, `as if no decision had been previously entered' in the district court. . . ." 708 So.2d at 569. The questions addressed in Opinion of the Clerk, No. 51
were: "(1) If more than one party to an action appeals a decision of the district court to the circuit court, must each of such parties pay a docket fee?"; and "(2) If more than one party to an action appeals a decision of the district court to the circuit court and demands a jury trial, must each of such parties pay a `jury demand' fee?" 708 So.2d at 569. The clerk's determination of these questions does not address, let alone resolve, the question presented here.
[14] We note that Jefferson Smurfit's first "Complaint on Notice of Appeal" appealed the denial of three separate refund petitions — those for 1994, 1995, and 1996. The Department has not complained that Jefferson Smurfit was required to institute a separate action for each of those three refund-request denials.
[15] The Department's brief makes much ado about sovereign immunity; the Department argues that this is an action against the State insofar as Jefferson Smurfit is proceeding out side the TBOR and, thus, it argues, the action is barred by the doctrine of sovereign immunity. We held in Pattersonv. Gladwin that a direct action against the State by a taxpayer for a refund of taxes is barred by the doctrine of sovereign immunity; however, the TBOR, as a matter of legislative grace, allows a tax-payer to seek a refund of taxes from the State. The Department's argument that Jefferson Smurfit is proceeding outside the TBOR presumes that Jefferson Smurfit's amended notice of appeal does not comply with the TBOR. Because we have concluded that Jefferson's Smurfit's amended notice of appeal does not run afoul of the TBOR, the Department's sovereign-immunity argument has no merit.
[16] Jefferson Smurfit contends that a notice of appeal is not a "pleading," because a notice of appeal is not included within Rule 7(a), Ala. R. Civ. P., which lists pleadings as: "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim . . .; a third-party complaint . . .; and a third-party answer." Because it contends that a notice of appeal is not a pleading, Jefferson Smurfit contends, its amended notice of appeal is not limited by the provisions of Rule 15, Ala. R. Civ. P.
Black's Law Dictionary 303 (8th ed.2004) defines a "complaint" as; "The initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the plaintiff's claim, and the demand for relief." Because Jefferson Smurfit's initial notice of appeal instituted the action in the circuit court, we cannot agree with Jefferson Smurfit that its notice of appeal is not a "pleading" or that its amended notice of appeal was not an amended, or a supplemental, pleading. We note that Jefferson Smurfit saw fit to denominate its notice of appeal a "Complaint on Notice of Appeal," presumably because Jefferson Smurfit recognized that that document instituted the action in the circuit court. As we noted above (to the benefit of Jefferson Smurfit), the TBOR states that "[t]he circuit court shall hear the appeal according to its own rules and procedures." § 40-2A-7(c)(5)b. Thus, we proceed under the assumption that Jefferson Smurfit's amended notice of appeal is subject to Rule 15, Ala. R. Civ. P.
[17] Rule 15(d), Fed.R.Civ.P., is identical to Rule 15(d), Ala. R. Civ. P.
[18] A "supplemental" pleading sets forth "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." See Rule 15(d), Ala. R. Civ. P. "[Amended pleadings] relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; [supplemental pleadings] deal with events subsequent to the pleading to be altered and merely represent additions to or continuations of the earlier pleadings." 6A Wright, Miller Kane, § 1504 (footnotes omitted). "However, these misnomers are not of any significance and do not prevent the court from considering a motion to amend or supplement under the proper portion of [Federal] Rule 15."Id.
[19] We noted in Image Marketing that "[Image Marketing]'s attempt to amend the complaint was, in fact, an attempt to supplement the original pleadings with a `new' claim," 884 So.2d at 825, without moving to supplement the pleadings. To consider the legal effect of Image Marketing's attempt to supplement the pleadings without leave of court, we turned to Hoover v. Blue Cross Blue Shield ofAlabama, 855 F.2d 1538 (11th Cir.1988), which addresses the legal effect of an attempt to amend a complaint without obtaining leave of court when the amendment could not be made as of right.
[20] An appellate court will not disturb a trial court's decision on a Rule 15(d) motion unless it exceeded its discretion. 6A Wright, Miller Kane, § 1504. If Jefferson Smurfit had moved the trial court for leave to supplement, the trial court should have granted that motion. The trial court may or may not have exceeded its discretion if it refused, but, at the time Jefferson Smurfit supplemented its notice of appeal, if the trial court refused to allow Jefferson Smurfit to supplement, Jefferson Smurfit could have filed a new action. When the Department finally moved the trial court to strike Jefferson Smurfit's supplemental notice of appeal, Jefferson Smurfit was barred from bringing a new action by the time limitations of the TBOR thus bringing into play an element of prejudice that was not present when Jefferson Smurfit initially supplemented its notice of appeal.
[21] Jefferson Smurfit contends that the Department was required to file its motion to strike within 30 days, pursuant to Rule 12(f), Ala. R. Civ. P., which provides:
 "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within thirty (30) days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."
[22] See note 21.